IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SCOTT THELANDER,<br><br>      Petitioner,<br><br>   v.<br><br>ANTHONY KANE, Warden, and<br>ARNOLD SCHWARZENEGGER, Governor,<br><br>      Respondents.<br>_____/ | No. C 05-4689 CW<br><br>ORDER DENYING<br>RESPONDENT'S<br>MOTION TO DISMISS<br>AND ORDERING<br>BRIEFING ON<br>HABEAS PETITION |

    In this action for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, Petitioner Scott Thelander, a prisoner incarcerated at the Correctional Training Facility in Soledad, California, alleges that his right to due process was violated in being denied parole for the eighth time.

    Respondent Anthony Kane moves to dismiss this action for lack of subject matter jurisdiction on the ground that there is no federally protected liberty interest in parole and therefore no federal due process rights involved in parole decisions. Petitioner opposes the motion. Having considered all the papers filed by the parties, the Court DENIES Respondent's motion to

dismiss and orders briefing on the habeas petition.

BACKGROUND

On May 27, 1981, Petitioner was convicted of second degree murder. The Board of Parole Hearings[1] denied Petitioner parole seven times on the following dates: June 22, 1990, April 15, 1992, April 19, 1994, July 5, 1995, July 1, 1997, June 5, 2001 and June 7, 2002. On September 18, 2003, the Board denied Petitioner parole for the eighth time. In this habeas petition, Petitioner challenges the Board's September 18, 2003 parole denial. Petitioner claims that the Board's decision violates his liberty interest in being released on parole, an interest protected by the federal constitutional right to due process.

DISCUSSION

Respondent moves to dismiss for lack of subject matter jurisdiction, arguing that California law does not create a federally protected liberty interest in parole release.

Although a convicted person has no inherent or constitutional right to early release on parole, a State's statutory parole scheme may create "a presumption that parole release will be granted" if it uses mandatory language. Greenholtz v. Inmates of Nebraska Penal & Corr. Complex, 442 U.S. 1, 12 (1979) (finding that the Nebraska parole statute, which provides that the Board "shall" release the prisoner subject to certain restrictions, creates a due process liberty interest in release on parole). This presumption

---

[1] The Board of Prison Terms was abolished effective July 1, 2005, and replaced with the Board of Parole Hearings. Cal. Penal Code § 5075(a).

2

of parole release gives rise to a constitutionally protected liberty interest that cannot be denied without adequate due process protection. Id. at 11-16; see also Board of Pardons v. Allen, 482 U.S. 369, 376-78 (1987) (finding that the Montana parole statute, which provides that board "shall" release the prisoner subject to certain restrictions, creates a due process liberty interest in release on parole).

California's parole scheme is set forth in California Penal Code § 3041.[2] Section 3041 instructs that the Board "shall set a release date" unless it decides this is inadvisable based on the nature and timing of the offense and in consideration of public safety:

> [a] One year prior to the inmate's minimum eligible parole release date a panel of two or more commissioners or deputy commissioners shall . . . meet with the inmate and shall normally set a parole release date . . . The release date shall be set in a manner that will provide uniform terms for offenses of similar gravity and magnitude in respect to their threat to the public, and that will comply with the sentencing rules that the Judicial Council may issue and any sentencing information relevant to the setting of parole release dates. The board shall establish criteria for the setting of parole release dates and in doing so shall consider the number of victims of the crime for which the inmate was sentenced and other factors in mitigation or aggravation of the crime . . . [b] The panel or the board, sitting en banc, shall set a release date unless it determines that the gravity of the current convicted offense or offenses, or the timing and gravity of current or past convicted offense or offenses, is such that consideration of the public safety requires a more lengthy period of incarceration for this individual,

---

[2] All further statutory references in this Order are to the California Penal Code, unless otherwise specified.

3

>               and that a parole date, therefore, cannot be
>               fixed at this meeting.

Cal. Penal Code § 3041(a), (b).

Respondent contends that a recent decision of the California Supreme Court, <u>In re Dannenberg</u>, 34 Cal. 4th 1061 (2005), establishes that California prisoners have no liberty interest in parole and therefore no federal due process rights in connection with parole decisions.  The Ninth Circuit has recently rejected this contention.  <u>Sass v. California Bd. of Prison Terms</u>, 2006 WL 2506393 at *3 (9th Cir. Aug. 31, 2006).  Therefore, the Court has subject matter jurisdiction under 28 U.S.C. § 2254 to decide whether Petitioner's Fourteenth Amendment right to due process was violated by the Board's determination that he was not suitable for parole.  Accordingly, Respondent's motion to dismiss is DENIED.

## CONCLUSION

For the foregoing reasons, the Court DENIES Respondent's motion to dismiss and orders briefing on the merits of the petition.  Respondent shall have thirty days from the date of this order to file an answer.  Petitioner shall have thirty days thereafter to file a traverse.

IT IS SO ORDERED.

Dated: 9/19/06

_____
CLAUDIA WILKEN
United States District Judge

4